**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 11-20535-CR-ALTONAGA**

**UNITED STATES OF AMERICA**,

Plaintiff,

vs.

**JORGE RAUL ROMERO**, *et al.*,

Defendants.
________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Defendant, Jorge Raul Romero's ("Romero['s]") Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29 and for New Trial Pursuant to Fed. R. Crim. P. 33 [ECF No. 191], filed December 28, 2011. The Court has carefully reviewed the parties' written submissions and applicable law.

## I. Background

On August 4, 2011, an Indictment [ECF No. 3] was returned naming nine Defendants, including Romero. Count 1 of the Indictment charges all Defendants with conspiracy to knowingly receive, possess, conceal, store, sell, and dispose of goods (Toshiba laptop computers) valued at $5,000 or more which had crossed a state boundary after being stolen, in violation of 18 U.S.C. Section 2315; and conspiracy to knowingly steal, take, carry away, and conceal goods moving as part of an interstate shipment valued at $1,000 or more from a motor truck traveling from Georgia to Florida, with the intent to convert the goods to Defendants' own use, in violation of 18 U.S.C. Section 659. Count 2 charges all Defendants with knowingly receiving, possessing, concealing, storing, selling, and disposing of the stolen goods valued at $5,000 or more, in violation of 18 U.S.C. Sections 2315 and 2. Count 3 charges all Defendants

with knowingly stealing, taking, carrying away, and concealing the goods valued at $1,000 or more from a motor truck traveling from Georgia to Florida, in violation of 18 U.S.C. Sections 659 and 2. Count 4 charges only Romero with obstruction of justice by engaging in misleading conduct toward another with the intent to hinder, delay, and prevent the communication to a U.S. law enforcement officer of information relating to the commission of a federal offense, in violation of 18 U.S.C. Section 1512(b)(3).

Eight of the nine Defendants pleaded guilty prior to trial; Romero, a former Hialeah Gardens police officer, was the only Defendant to proceed to trial. The jury found Romero guilty of all four Counts. Defendant now renews his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c), or, alternatively, seeks a new trial pursuant to Federal Rule of Criminal Procedure 33.

**II. Standards**

Romero first moves for a judgment of acquittal under Rule 29(c). Rule 29(c) "tests the sufficiency of the evidence against defendant, and avoids the risk that a jury may capriciously find him guilty though there is no legally sufficient evidence of guilt." 2A CHARLES A. WRIGHT & PETER J. HENNING, FEDERAL PRACTICE & PROCEDURE: CRIMINAL § 461 (4th ed. 2010) (footnote call numbers omitted). Under Rule 29(c), "a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction." *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999) [hereinafter *Ward I*]. This means a "verdict of guilty must stand if there is *substantial evidence* to support it." *United States v. Toler*, 144 F.3d 1423, 1428 (11th Cir. 1998) (contrasting the Circuit's earlier incorrect view that only "slight evidence" was needed to support a conspiracy conviction) (emphasis added). Any

conflicts in the evidence are resolved in favor of the Government, and all inferences that tend to support the Government's case must be accepted. *See Ward I*, 197 F.3d at 1079. When the Government relies on circumstantial evidence, "reasonable inferences rather than mere speculation, must support conviction." *United States v. Suttles*, 297 F. App'x 887, 888 (11th Cir. 2008) (citation omitted). The Court is to determine "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Ward I*, 197 F.3d at 1079 (citations omitted); *see also United States v. Medina*, 485 F.3d 1291, 1296–97 (11th Cir. 2007).

Alternatively, Defendant moves under Federal Rule of Criminal Procedure 33 for a new trial on the basis of the weight of the evidence and improper jury instructions given. The power of a court to grant a new trial is much broader than the power to grant a motion for acquittal. *See United States v. Ward*, 274 F.3d 1320, 1323 (11th Cir. 2001); *see also* 3 WRIGHT & HENNING § 553. In reviewing a motion for a new trial, "a district court may weigh the evidence and consider the credibility of the witnesses." *Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (citation omitted). "However, . . . the court 'may not . . . set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" *Id.* (quoting *United States v. Martinez*, 763 F.2d 1297, 1312–13 (11th Cir. 1985)). Furthermore, on a claim of improper jury instructions, a new trial should be granted if "the instructions as a whole do not correctly instruct the jury so that [the Court is] left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Broaddus v. Fla. Power Corp.*, 145 F.3d 1283, 1288 (11th Cir. 1998) (internal quotation marks and citations omitted).

## III. Analysis

### A. Requested Judgment of Acquittal

At trial, the Government presented the testimony of nine witnesses, including three co-conspirators, Co-Defendants in the case. Video surveillance and still photographs showed and corroborated what several of the Co-Defendants did, namely, moving, storing, and concealing the two-million-dollar shipment of stolen Toshiba laptop computers in and around several warehouses in Hialeah Gardens. Cellular telephone records and cell site data showed the contacts between Romero and several of his co-conspirator Defendants, and the locations where the contacts occurred. This evidence placed Romero squarely in the criminal activity and described his participation in the charged offenses. With regard to the evidence presented on Count 4, Detective Adrian Lopez testified that Romero told Lopez that all was secure in reference to Romero responding to a call advising a burglary had taken place at one of the warehouses, when in fact that was not true, and that Romero failed to tell Lopez all Romero knew about the criminal activity associated with the burglary call.

In addition to the testimony of Government witnesses, Defendant presented two character witnesses, and he testified in his defense. This last fact is critical to the present Motion, for although Romero denies all charges, "the jury was permitted to reject that testimony, as [the Court] must assume it did, and consider that testimony 'as *substantive evidence* of the defendant's guilt.'" *United States v. Jiminez*, 564 F.3d 1280, 1285 (11th Cir. 2009) (emphasis in original) (quoting *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995)). Indeed, "[a] proper inference the jury can make from disbelieved testimony is that the opposite of the testimony is true." *United States v. Mejia*, 82 F.3d 1032, 1038 (11th Cir. 1996). In the present

case, Romero's trial testimony differed in some respects from statements he made to the FBI in response to questioning. Objective evidence coming from cellular telephone records also refuted his testimony.

With regard to Count 4, section 1512(b)(3) makes it unlawful to engage "in misleading conduct toward another person, with intent to . . . hinder, delay, or prevent the communication to a law enforcement officer . . . of information relating to the commission or possible commission of a Federal offense . . . ." For there to be a section 1512(b)(3) offense, there need only be "the *possible* existence of a federal crime and a defendant's intention to thwart an inquiry into that crime." *United States v. Veal*, 153 F.3d 1233, 1250 (11th Cir. 1998) (emphasis in original).

Romero's lie to Detective Lopez concerning the warehouse being secure following a burglary call, when Romero in fact knew it was not secure, but rather, had just been entered by Co-Defendants in order to destroy evidence, satisfies the Government's burden under section 1512(b)(3). Under section 1512(b)(3), "misleading conduct" includes "knowingly using a trick, scheme, or device with intent to mislead." The jurors could reasonably have concluded that Romero deliberately led Lopez to believe all was fine with regard to the burglary call to convey to Lopez a distorted impression about the nature and manner of what was occurring at the warehouse where the stolen goods had been stored. *See, e.g.*, *Veal*, 153 F.3d at 1254. By his misleading communication to Lopez, Romero intended to hinder, delay, or prevent the communication to a law enforcement officer of information relating to the possible commission of a federal offense, namely, the offenses included in this federal Indictment. *See, e.g.*, *United States v. Baldyga*, 233 F.3d 674, 680 (1st Cir. 2000) ("In discouraging Chenevert's communication with authorities by disconnecting the listening device, Baldyga satisfied the

requirements of the statute because the possibility existed that such communication would eventually occur with federal officials.")

Viewing the evidence in the light most favorable to the Government, the Court is satisfied that a reasonable jury could and did find the Defendant guilty beyond a reasonable doubt. *See United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006) (citations omitted).

**B. Requested New Trial**

With regard to the request for new trial, Romero asserts he was denied a fair trial as the evidence was insufficient to support a conviction. That argument is already disposed of given the previous discussion. Romero also maintains the Court so erred in how it instructed the jury that he is entitled to a new trial. As the Government notes in its Response, at trial the only objection Romero raised to the jury instructions was the Court's agreement to instruct on deliberate ignorance as proof of knowledge. *See* Eleventh Circuit Pattern Jury Instructions (Criminal), Special Instructions § 8. Hence, his objections raised now for the first time, addressing the failure to provide definitions for the terms "materiality" and "willfulness," are untimely and in any event, fail to persuade.

With regard to instructing the jury on Romero's deliberate ignorance, Romero testified he never saw any cargo or stolen goods even though the surveillance cameras and cell phone records place him at the scene of the events. He testified he did not see boxes of stolen computers or large green pallets (holding the computers) and shrink wrap from the pallets being taken apart and thrown out as garbage. He insisted he did not enter any of the warehouses containing the stolen goods, but that he remained in his police car at all times. In sum, he was present but never saw any of the activities surrounding the Co-Defendants' theft, transfer, and

concealment of the stolen goods.

"Where the evidence supports both actual knowledge and deliberate ignorance, the instruction is properly given." *United States v. Arias*, 984 F.2d 1139, 1143 (11th Cir. 1993) (citations and internal quotation marks omitted). Furthermore, the instruction is appropriate "when the facts . . . support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a substantial prosecution." *United States v. Rivera*, 944 F.2d 1563, 1571 (11th Cir. 1991) (internal quotation marks and citation omitted). Here, the Government's evidence supported a finding of Romero's actual knowledge. Romero's testimony, if believed, supported deliberate ignorance. The Court sees no error in the giving of the instruction.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29 and for New Trial Pursuant to Fed. R. Crim. P. 33 **[ECF No. 191]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of February, 2012.

Cecilia M. Altonaga

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record